# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JOHN A. ANDREWS,

        Plaintiff,

v.                                                      Case No. 3:15-cv-881-J-32JRK

D. MOORE and C. BARRETT,

        Defendants.

## ORDER

Before the Court is Plaintiff's "Inquiry," which the Court construes as a motion to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) (Doc. 42) (Motion). On March 27, 2018, the Clerk entered Judgment in a Civil Case (Doc. 38) following this Court's order granting Defendants' Motion for Summary Judgment. See Order (Doc. 37). Under Federal Rule of Appellate Procedure 4(a)(1), Plaintiff's deadline to file a notice of appeal of the Judgment was April 26, 2018. On April 16, 2018, Plaintiff moved for an extension of time to file a notice of appeal, which this Court granted, setting a filing deadline of May 29, 2018, pursuant to Rule 4(a)(5)(C). See Order (Doc. 40). In Plaintiff's present Motion, he states that he has been "let out of confinement [k]nowing that [he is] past the deadline," and he has inquired about his options. See Motion at 1.

The Court finds that it lacks authority to grant Plaintiff a second extension of time in which to file a notice of appeal. The relevant language of Rule 4(a)(5) provides

the following:

> (A) The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

Fed. R. App. P. 4(a)(5)(A)-(B). According to Rule 4(a)(1)(A), the prescribed time in which to file a notice of appeal in the district court is "within 30 days after entry of the judgment or order appealed from." Even when a district court has granted a plaintiff one extension of time, the "time prescribed" remains the original filing deadline as calculated under Rule 4(a)(1)(A). In other words, the "time prescribed" is not calculated anew based upon the extension deadline. See Matter of GAC Corp., 640 F.2d 7, 8 (5th Cir. Unit B Mar. 1981)[1] (per curiam) (holding that the district court lacked authority to grant a second motion for extension of time to file a notice of appeal where the motion was filed more than 30 days after the original filing deadline but

---

[1] Decisions of the former Fifth Circuit, decided prior to October 1, 1981, are binding authority on district courts sitting in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

2

within 30 days after expiration of the extension deadline).[2] To seek an additional extension of time to file a notice of appeal, Plaintiff would have had to file his Motion within 30 days after April 26, 2018, or no later than May 29, 2018. Plaintiff mailed his Motion on June 8, 2018.[3] Thus, Plaintiff has not filed his Motion within 30 days after the time prescribed by Rule 4(a)(1)(A) expired.

Furthermore, Plaintiff has failed to provide notice to Defendants of his Motion, which is a jurisdictional requirement under Rule 4(a)(5)(B) when a motion is filed more than 30 days after the prescribed time. See H.T. Truett v. Johns-Manville Sales Corp., 725 F.2d 1301, 1302 (11th Cir. 1984) (per curiam) (dismissing an appeal because the district court lacked authority to grant an ex parte extension of time filed more than 30 days after the prescribed time as calculated under Rule 4(a)(1)).

Accordingly, the Court **DENIES** Plaintiff's Motion (Doc. 42).

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of July, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

---

[2] The Fifth Circuit analyzed a prior version of Rule 4. However, the prior version similarly required that a motion for extension of time be filed within 30 days of the "time prescribed" in Rule 4(a).

[3] Plaintiff, who is an inmate of the Florida penal system, receives the benefit of the "mailbox rule." Thus, although the docket reflects a filing date of June 11, 2018, the Court utilizes the mailing date as the date of Plaintiff's filing.

Jax-6
c:
John A. Andrews
Counsel of Record